```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

HAMED SANGI and STACEY SANGI,     §
                                  §
         Plaintiffs,              §
                                  §
v.                                §        CIVIL ACTION NO. H-04-4441
                                  §
FAIRBANKS CAPITAL CORP.,          §
                                  §
         Defendant.               §

MEMORANDUM AND ORDER

Pending is Defendant Select Portfolio Servicing, Inc. f/k/a Fairbanks Capital Corp.'s Motion for Summary Judgment (Document No. 18). Plaintiffs Hamed and Stacey Sangi have not responded to the motion, and it is therefore deemed unopposed pursuant to Local Rule 7.4.

This diversity action arises out of Plaintiffs Hamed and Stacey Sangi's ("Plaintiffs") alleged discovery of toxic mold in their home. Plaintiffs sue Defendant Select Portfolio Servicing, Inc. f/k/a Fairbanks Capital Corp. ("Defendant"), who was the seller of their home, for breach of contract, fraud, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act ("DTPA").

In August, 2001, Plaintiffs agreed to an earnest money contract (the "Sales Contract") to purchase their home (the "Property") from Defendant. *See* Document No. 18 ex. A, Residential Contract. The Sales Contract granted to Plaintiffs a right to

inspect the Property, and Plaintiffs paid an option fee that granted to them the unrestricted right to terminate the Sales Contract within seven (7) days of the contract's effective date. *See* id. ¶¶ 7(a), 7(d)(1).  The Sales Contract provided that, "[i]f Buyer does not give notice of termination within the time specified [7 days], Buyer will be deemed to have accepted the Property in its current condition."  *See* id. ¶ 7(d)(1).  Incorporated by reference in the Sales Contract was an Addendum to Purchase Agreement, *see* Document No. 18 ex. A, Addendum, which contained, *inter alia*, an "as-is" clause.  The "as-is" clause provided in part:

> Buyer acknowledges and agrees that seller has not made and hereby specifically disclaims any warranty, guaranty, or representation, oral or written, past, present or future of, as to, or concerning (i) The nature, square footage, condition, value, or quality of the property . . . Buyer hereby further acknowledges and agrees that buyer is relying solely upon the inspection, examination, and evaluation of the property by buyer and that buyer is purchasing the property on an "AS-IS, WHERE IS" AND WITH ALL FAULTS" [sic] basis and not on any information provided or to be provided by seller . . .
>
> . . . Buyer hereby assumes all risks and liability and agrees that seller shall not be liable for any special, direct, indirect or consequential damages resulting or arising from or relating to the ownership, use, condition, location, maintenance, repair or operation of the property.

Id. ¶ 1.

Approximately two and one-half years after the purchase, Plaintiffs allege that they discovered that the Property contained toxic mold.  *See* Document No. 1 ex. 1 ¶ 3.3.  Plaintiffs allege

that they had begun experiencing health problems, and a treating cardiologist suggested that they test their home for toxic mold. Id.  According to Plaintiffs, the inspection revealed "not only that [the Property] was consumed with toxic mold and was uninhabitable, but that there was evidence that revealed the home had previously been tested for mold." Id. ¶ 3.4. Plaintiffs allege that they were ultimately forced to vacate the Property, which was uninhabitable, and that the Property's contents have suffered substantial mold damage as well.  Id. ¶ 3.6.

Plaintiffs' complaint is that Defendant wrongfully failed to disclose that the Property had unsafe levels of toxic mold and was uninhabitable as sold.  Defendant now moves for summary judgment on all of Plaintiffs' claims, arguing that there is no evidence to support one or more elements of each of Plaintiffs' claims.

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The moving party must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted.

3

Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).  A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice.  Id.  "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."  Id.

In order to withstand a no-evidence motion for summary judgment, the nonmovant must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 106 S. Ct. at 2552.  If the nonmovant fails to make such a showing, "there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," and summary judgment must be granted.  Id.

A motion for summary judgment cannot, of course, be granted simply because there is no opposition.  Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 362 n.3 (5th Cir. 1995).  However, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence."  Bookman v. Shubzda, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing Solo Serve Corp. v. Westowne Assocs., 929 F.2d 160, 165 (5th Cir. 1991)).  As Plaintiffs' pleadings are

4

unsworn, Plaintiffs have no competent summary judgment evidence before the Court.

In its motion for summary judgment, Defendant outlines the essential elements that Plaintiffs must establish in order to prevail on each of their claims, and Defendant argues that, with respect to each claim, there is no evidence of one or more of those essential elements. *See* Document No. 18.  Plaintiffs have not contested these grounds for Defendant's motion and have failed to present any competent summary judgment evidence in support of each of the essential elements of their claims.  Inasmuch as Plaintiffs have failed to raise so much as a genuine issue of material fact in support of the essential elements of their claims, Defendant is entitled to summary judgment as a matter of law.  Accordingly, it is

ORDERED that Defendant Select Portfolio Servicing, Inc. f/k/a Fairbanks Capital Corp.'s Motion for Summary Judgment (Document No. 18) is GRANTED, and Plaintiffs' case is DISMISSED on the merits.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 16th day of March, 2006.

                                                EWING WERLEIN, JR.
                                      UNITED STATES DISTRICT JUDGE